**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| P&E Productions, LLC, ) | No. CV-06-1087-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| The Chubb Corp., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The court has before it defendants' notice of removal (doc. 1), plaintiff's motion for remand (doc. 10), defendants' response (doc. 11), and plaintiff's reply (doc. 13). Plaintiff originally filed this action in the Superior Court of Arizona in Maricopa County on February 27, 2006. On April 17, 2006, defendants The Chubb Corporation, Chubb & Son, Inc., Chubb Services Corporation, and Federal Insurance Company (collectively, the "Chubb Defendants") filed their notice of removal, alleging that plaintiff fraudulently joined defendants Willis of Arizona, Inc. ("Willis") and Greg Gross ("Gross") in order to defeat diversity jurisdiction in federal court. Because Willis and Gross are citizens of Arizona, their presence in the lawsuit defeats diversity jurisdiction unless they were fraudulently joined.

The party seeking removal has the burden of establishing federal jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S. Ct. 35, 37 (1921). All defendants who may properly join in the removal notice must join. 28 U.S.C. § 1446(a)-(b). If all defendants

1  do not unanimously agree to join, the action cannot be removed. Hewitt v. City of Stanton,
2  798 F.2d 1230, 1232 (9th Cir. 1986).

3  An exception to the unanimity requirement exists, however, where a non-diverse party
4  has been added solely for the purpose of depriving the federal court of jurisdiction. If a
5  defendant's joinder is found to be fraudulent, "the defendant's presence in the lawsuit is
6  ignored for purposes of determining diversity." United Computer Sys., Inc. v. AT&T Corp.,
7  298 F.3d 756, 761 (9th Cir. 2002) (quotation omitted). To prove fraudulent joinder, the
8  Chubb Defendants have the burden of proving that the plaintiff failed to state a claim against
9  Willis and Gross and that "the failure is obvious according to the settled rules of the state."
10 McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). Courts strictly
11 construe the removal statute against removal jurisdiction. See Gaus v. Miles, Inc., 980 F.2d
12 564, 566 (9th Cir. 1992). Any doubt about the propriety of removal is resolved in favor of
13 remand. Id.

14 Plaintiff purchased insurance on a videotaped copy of historical baseball footage
15 valued at $1.2 million. This action arose when the videotape was stolen and the insurance
16 company failed to pay plaintiff's claim. Plaintiff filed this action alleging breach of contract,
17 bad faith refusal to pay an insurance claim, negligence and seeking declaratory relief. In the
18 amended complaint, plaintiff alleges that Willis was the "Producer/Broker/Agent which
19 issued [the policy]," Amended Complaint ¶ 3, and that Gross is the agent for Willis who
20 produced or issued the policy. Id. ¶ 5. The complaint alleges that Willis and Gross "owed
21 a duty of care to Plaintiff to carefully and reasonably advise, underwrite, obtain information
22 and assist Plaintiff in the acquisition of insurance and the interpretation and application of
23 the insurance coverages and benefits." Id. ¶ 78. According to plaintiff, these allegations are
24 intended to prove that Willis and Gross had a duty to reasonably inform plaintiff of its rights
25 and obligations under the policy and to advise it of the extent of coverage and the relevant
26 exclusions. The complaint further alleges that these agents acted negligently, recklessly and
27 incompetently in the selection of the appropriate coverage for plaintiff's specific needs,
28 Amended Complaint ¶¶ 78-83, and misrepresented the terms of the policy by making

assurances that the value of the property would be recovered in the event of a loss, as opposed to replacement of the property. Plaintiff's Opposition to Remand at 11.

Under Arizona law, an insurance agent "owes a duty to the insured to exercise reasonable care, skill and diligence in carrying out the agent's duties in procuring insurance." Darner Motor Sales, Inc. v. Univ. Underwriters Ins., Co., 140 Ariz. 383, 397, 682 P.2d 388, 402 (1984) (citation omitted). If an agent fails to "perform his activities according to the standard of his profession, . . . he may be held liable under ordinary tort principles of negligence for the damage he causes." Id. at 398, 682 P.2d at 403. See also Premium Cigars Int'l, Ltd. v. Farmer-Butler-Leavitt Ins. Agency, 208 Ariz. 557, 564, 96 P.3d 555, 566 (Ct. App. 2004).

The Chubb Defendants have a heavy burden to overcome before a court can determine that fraudulent joinder renders the case removable. In essence, they must show that "there is no possibility that the plaintiff would be able to establish a cause of action against the instate defendant in state court." Bertrand v. Aventis Pasteur Labs., Inc., 226 F. Supp. 2d 1206, 1213 (D. Ariz. 2002) (citing Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)). Defendants failed to meet this burden. Plaintiffs have adequately asserted a valid claim under Arizona law against Willis and Gross, and accordingly, their joinder is not fraudulent.[1]

Plaintiff further requests the award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Fees may be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005). Although we were not ultimately persuaded by the Chubb Defendants' arguments, we do not

---

[1] Defendants also contend that plaintiff waived any objection to removal by filing a demand for trial by jury prior to their motion for remand. Plaintiff's objection to removal, however, attacks not just procedural defects in the removal process, but calls into question whether this court has subject matter jurisdiction. Jurisdictional defects cannot be waived.

1 find that their removal was entirely lacking in objective reasonableness or motivated by bad
2 faith. The court, therefore, declines to exercise its discretion to award plaintiff's fees and
3 costs under section 1447(c).
4     Therefore, **IT IS ORDERED GRANTING** plaintiff's motion for remand (doc. 10),
5 and remanding the case to the Superior Court of Maricopa County. **IT IS FURTHER**
6 **ORDERED DENYING** plaintiff's motion for fees and costs.
7     DATED this 27th day of June, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge